# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31260

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2014

Lyle W. Cayce
Clerk

LOUISIANA SPORTSMEN ALLIANCE, L.L.C.,

Plaintiff–Appellant

v.

TOM VILSACK; ELIZABETH AGPAOA; UNITED STATES DEPARTMENT
OF AGRICULTURE,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Louisiana
U.S.D.C. No. 1:12-CV-2929

Before PRADO, ELROD, and GRAVES, Circuit Judges

PER CURIAM:*

This is an administrative-law case in which Plaintiff–Appellant
Louisiana Sportsmen Alliance, L.L.C. (the Alliance)—an organization
purporting to represent the interests of hunters who prefer to use dogs when
hunting deer—challenges the U.S. Forest Service's decision to ban the use of
dogs to hunt deer in the Kisatchie National Forest. The Alliance sued
Defendants–Appellees Secretary of Agriculture Tom Vilsack and Regional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-31260

Forester Elizabeth Agpaoa, in their official capacities, and the U.S. Department of Agriculture (collectively the Forest Service) in federal court. The Alliance asserts that the Forest Service's decision to ban the use of dogs to hunt deer in the Kisatchie National Forest was arbitrary and capricious under the Administrative Procedure Act (APA), 5 U.S.C. §§ 702, 706. In a carefully reasoned decision, the district court granted the Forest Service's motion for summary judgment. *La. Sportsmen Alliance, LLC v. Vilsack*, 984 F. Supp. 2d 600, 615–16 (W.D. La. 2013). The Alliance appeals this decision. The Forest Service defends its decision and also argues—for the first time on appeal—that this Court lacks jurisdiction because the Alliance has not established organizational standing. We agree with the Forest Service's jurisdictional argument, and we vacate the district court's opinion and remand to the district court with instructions to dismiss without prejudice.

## I.   BACKGROUND

The background of this appeal is thoroughly discussed in the district court's opinion. *La. Sportsmen Alliance*, 984 F. Supp. 2d at 603–04. Because this Court need not reach any issues beyond standing, we have set forth only the general contours of the dispute and the facts pertinent to the standing question. *See N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 236 (5th Cir. 2010).

The Kisatchie National Forest is Louisiana's only National Forest, and it is managed by the Forest Service under the Kisatchie National Forest Revised Land and Resource Management Plan. Historically, the Forest Service has allowed the hunting of deer using dogs (dog-deer hunting) on 369,000 acres of the Kisatchie National Forest during the dog-deer hunting season.

In recent years, dog-deer hunting has become controversial. Those who prefer to hunt deer without the use of dogs (still-deer hunters) complain that dog-deer hunting is disruptive and unsportsmanlike. Adjacent landowners

complain that dog-deer hunting leads to shooting near houses and from roads, fights between dog-deer hunters and landowners, roads being blocked by dog-deer hunters, dogs running across private property, and trespass. Dog-deer hunters defend the practice based on its history as a traditional method of hunting in Louisiana dating back to the colonial period.

As the manager of the Kisatchie National Forest, the Forest Service is tasked with mediating this conflict between dog-deer hunters, still-deer hunters, and landowners. Over the past several years, the Forest Service has reduced the number of days in the dog-deer hunting season from fifteen to seven days.

In 2009, the Forest Service proposed a complete ban on dog-deer hunting in the Kisatchie National Forest. After several years of consideration and thousands of comments and letters, the Forest Service adopted the proposed ban in 2012 and issued a Finding of No Significant Impact (FONSI).

The Alliance challenged this decision in federal court, and the district court granted the Forest Service's motion for summary judgment on the merits and entered a judgment of dismissal. The Alliance timely appealed.

## II.    DISCUSSION

The Forest Service raises a threshold issue whether this Court has jurisdiction to consider the Alliance's appeal. The district court was ill-served by the Forest Service in this regard, because the Forest Service never argued that the Alliance lacked organizational standing until this appeal. Article III standing is a jurisdictional requirement that cannot be waived. *City of Kyle*, 626 F.3d at 237. "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction," and the issue of Article

No. 13-31260

III standing "may be raised by the parties, or by the court *sua sponte*, at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).[1]

To establish organizational standing, the Alliance must show (1) the plaintiff organization's asserted legally protected interest is germane to the purposes of the plaintiff organization; (2) any of the plaintiff organization's members has standing to sue on his or her own behalf; and (3) the participation of individual members in the lawsuit is not required. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). An individual member must therefore satisfy the familiar requirements of *Lujan*:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992), *quoted by City of Kyle*, 626 F.3d at 237.

On this record, the Alliance has failed to establish that it has standing to support its claim. The Alliance never alleged any specific facts showing a concrete injury to any one of its members. Nor did the Alliance allege any specific details regarding the nature and purpose of its organization. Further, the Alliance never submitted any declarations or affidavits from any of its individual members averring that they suffered a specific harm caused by the

---

[1] We do not address the Forest Service's prudential-standing argument—that the Alliance's asserted interests are outside the statute's zone of interests—because the Forest Service waived that argument by not presenting it to the district court. Unlike constitutional standing, prudential standing may be waived. *Bd. of Miss. Levee Comm'rs v. U.S. E.P.A.*, 674 F.3d 409, 417 (5th Cir. 2012).

Forest Service's amendment.  In light of this record, the Alliance has failed to demonstrate that it has standing to assert its claim, and we therefore lack jurisdiction to consider the Alliance's appeal.

## III.    CONCLUSION

For the foregoing reasons, we VACATE the district court's judgment and REMAND with instructions to dismiss without prejudice.